UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DOMINGUEZ,<br><br>                                   Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; et al.,<br><br>                                   Respondents. | Case No.: 20-CV-1384 JLS (AHS)<br><br>**ORDER: (1) DENYING WITHOUT PREJUDICE MOTIONS TO APPOINT COUNSEL AND (2) TO SHOW CAUSE AND SETTING BRIEFING SCHEDULE**<br><br>(ECF Nos. 5, 11) |

On March 26, 2021, Petitioner Ramon Dominguez, proceeding *pro se* and currently being held in civil immigration detention at the Imperial Regional Detention Facility, filed his Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 13). The Court granted Petitioner's motion to proceed in forma pauperis. ECF No. 3. Petitioner has also filed two Motions to Appoint Counsel (ECF Nos. 5, 11).

The Sixth Amendment's right to counsel does not apply in habeas actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), cert. denied, 479 U.S. 867 (1986). However, a district court is authorized to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court unless an evidentiary hearing is

required.  *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).  In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

      Here, Petitioner argues that the Court should exercise its discretion to appoint counsel; however, the interests of justice do not require appointment of counsel at this time.  Petitioner's *pro se* filings to date indicate he is able to adequately present his claims.  Petitioner has filed numerous documents in this case amending his petition and requesting the Court appoint counsel on his behalf.  *See* ECF Nos. 1, 5, 7, 9, 11, 13.  His filings are organized and present his arguments with reasonable efficiency and clarity.  It appears from these filings that Petitioner has a sufficient grasp of his case and the legal issues involved.  Further, at this early stage of the proceedings, the Court is not in a position to determine whether an evidentiary hearing will be required.  *See Knaubert*, 791 F.2d at 728 (holding "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court").  Furthermore, Petitioner has not shown the likelihood of success on the merits, nor is a likelihood of success evident from the face of the Amended Petition.  *See generally* Pet.  In the event circumstances change materially at a later stage in these proceedings, the Court shall reconsider the issue.

      Accordingly, Petitioner's Motions to Appoint of Counsel (ECF Nos. 5, 11) are **DENIED WITHOUT PREJUDICE**.

      Having reviewed the Amended Petition, the Court concludes that summary dismissal is unwarranted at this time.  Accordingly, Respondents are **ORDERED TO SHOW CAUSE** why the Petition should not be granted by filing a written response no later than July 9, 2021.  The Court directs Respondents to serve a copy of the pleading upon the Petitioner concurrently with the filing of the pleading in this Court.  Should Petitioner wish to reply, Petitioner must file a traverse or other appropriate pleading no later than August

///

<u>6, 2021.</u>  At that time, the Court will take the matter under submission and a decision will be issued without oral argument.

**IT IS SO ORDERED.**

Dated: June 9, 2021

*[signature]*
Hon. Janis L. Sammartino
United States District Judge