1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DOMINGUEZ,<br><br>               Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Immigration and Customs Enforcement; et al.,<br><br>               Respondents. | Case No.: 20-CV-1384 JLS (AHS)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO APPOINT COUNSEL**<br><br>(ECF Nos. 18, 20, 22) |

On March 26, 2021, Petitioner Ramon Dominguez, proceeding *pro se* and currently being held in civil immigration detention at the Imperial Regional Detention Facility, filed his Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 13). Petitioner since has filed three Motions to Appoint Counsel (ECF Nos. 18, 20, 22).

The Sixth Amendment's right to counsel does not apply in habeas actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), cert. denied, 479 U.S. 867 (1986). Appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court unless "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted). For instance, the district court is obligated to appoint

counsel if an evidentiary hearing is required.  *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990).  Otherwise, a district court is authorized to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require."  *See* 18 U.S.C. § 3006A(a)(2)(B).  In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner has filed five motions seeking appointment of counsel in this action.  *See* ECF Nos. 5, 11, 18, 20, 22.  The Court will consider the arguments Petitioner advances in his most recent Motion ("Mot.," ECF No. 22).  Petitioner argues that the Court should appoint him counsel because he "is having great difficulty interpreting the substantive contents and facts contained in his third amended petition into its corresponding legal arguments that he seeks to present to this Court."  Mot. at 1.  Petitioner also claims he is "undergoing unlawful punishment in his continued confinement inside Immigration and Customs Enforcement ("ICE") detention, specifically in the midst of active litigation before this Court."  *Id.*  Petitioner has included more than a hundred pages of exhibits in support of his Motion, consisting of grievances he has filed with the Imperial Regional Detention Facility, declarations by other individuals at the facility, news articles, policy briefs prepared by legal organizations, and other documents.  *See, e.g.*, Ex. 7, ECF No. 22.

After evaluating Petitioner's Motion and exhibits, the Court has no reason to believe Petitioner cannot sufficiently articulate and prosecute the claims he seeks to bring.  A review of the docket reveals that Petitioner has amended his petition multiple times, filed multiple requests for to Court appoint counsel on his behalf, and submitted numerous exhibits.  *See, e.g.*, ECF Nos. 1, 5, 7, 9, 11, 13, 18, 20, 22.  His filings are organized and present his arguments with reasonable efficiency and clarity.  It appears from these filings that Petitioner has a sufficient grasp of his case and the legal issues involved.  The Court concludes that the failure to appoint counsel at this stage of the proceedings would not amount to a denial of due process.

At this stage of the proceedings, the Court is not in a position to determine whether an evidentiary hearing will be required.  *See Knaubert*, 791 F.2d at 728 (holding "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court").  Furthermore, Petitioner has not shown the likelihood of success on the merits, nor is a likelihood of success evident from the face of the Amended Petition. *See generally* Pet.  In the event circumstances change materially at a later stage in these proceedings and provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court shall reconsider the issue.  Nothing in this Order is intended to preclude Petitioner from retaining counsel on his own.

The Court understands Petitioner's eagerness for appointment of counsel, as evidenced through Petitioner's multiple Motions to Appoint Counsel; however, the interests of justice do not requirement appointment of counsel at this time.  Accordingly, Petitioner's Motions to Appoint of Counsel (ECF Nos. 18, 20, 22) are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  December 13, 2021

Hon. Janis L. Sammartino
United States District Judge

3

20-CV-1384 JLS (AHS)