UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ramon Dominguez,<br><br>                            Petitioner,<br><br>v.<br><br>Archambeault et al,<br><br>                           Respondents. | Case No.: 20cv1384-JO-AHG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

On March 26, 2021, Petitioner Ramon Dominguez filed a Third Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking his immediate release from Immigration and Customs Enforcement ("ICE") custody at the Imperial Regional Detention Facility ("IRDF"). Dkt. 13 ("Petition" or "Pet."). In his Petition, he sought release from custody on the grounds that conditions at IRDF are punitive and place him at an unreasonable and substantial risk of contracting COVID-19. *Id.* On July 9, 2021, Respondents Gregory J. Archambeault, Jesus Reyna, Sixto Marrero, Matthew T. Albence, and Chad Wolf filed a response to the Petition. Dkt. 15 ("Response" or "Resp."). On

August 5, 2021, Petitioner filed a reply. Dkt. 16. For the reasons discussed below, the Court denies the Petition.

## I.   BACKGROUND

Petitioner, a native and citizen of Mexico, has been confined in civil immigration custody at IRDF ever since the U.S. Department of Homeland Security ("DHS") instituted removal proceedings against him in late 2017. Pet. ¶ 33; Resp., Ex. 24. DHS ordered Petitioner's removal from the United States based on an aggravated felony conviction pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act. Resp., Ex. 19. Petitioner filed an appeal of the removal order to the United States Court of Appeals for the Ninth Circuit. Pet. ¶ 33. ICE has not released him from custody pending appeal due to his aggravated felony criminal history. Resp., Exs. 34, 38.

On July 20, 2020, Petitioner filed his original petition seeking immediate release from ICE custody for violation of his Fifth Amendment substantive due process rights, and on March 26, 2021, he filed a third amended *habeas* petition. Dkts. 1, 13.[1] In his amended petition, Petitioner asserted that IRDF conditions put him, a medically vulnerable person diagnosed with grade-1 obesity, at extraordinary and unreasonable risk of contracting COVID-19. Pet. ¶¶ 33, 85. He also claimed that IRDF staff created unconstitutionally punitive conditions by conducting unnecessary and unexpected cell checks and unlawfully retaliating against him. Pet. ¶¶ 70–81. Finally, he alleged generally poor conditions of confinement at IRDF, including "mold, rust, and peeling paint in showers" and insufficient toiletries for detainees. Pet. ¶¶ 66–69.

On March 30, 2021, shortly after filing his third amended petition, Petitioner received his COVID-19 vaccination. Resp., Ex. 38.

///
///

---

[1] On January 4, 2022, this case was transferred to the undersigned. Dkt. 25.

## II.   LEGAL STANDARD

A district court may issue a writ of *habeas corpus* ordering the release of a person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Because a person detained in civil immigration custody is entitled to Fifth Amendment due process rights, he may seek *habeas* relief to challenge the constitutionality of his confinement. *Demore v. Kim*, 538 U.S. 510, 523 (2003).  A *habeas* petitioner may only challenge the confinement itself—the validity of the confinement or its duration—and not the conditions of such confinement. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).  A civil rights action pursuant to *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983, rather than a *habeas* petition, is the appropriate vehicle to challenge conditions of confinement that violate a detainee's constitutional rights. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (holding that civil rights action is vehicle for civil rights violations whereas a *habeas* petition challenges the "fact or duration" of confinement); *Nettles*, 830 F.3d at 927 ("a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of *habeas corpus*").

## III.   DISCUSSION

The Court first examines whether Petitioner's *habeas* petition is the appropriate vehicle to seek relief from confinement conditions that allegedly present a substantial COVID-19 risk.  *See Nettles*, 830 F.3d at 927 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").  Here, Petitioner alleged that his confinement is unconstitutional because unsanitary IRDF conditions, such as shared communal areas where social distancing is unfeasible, put him at substantial risk of contracting COVID-19.  Pet. ¶¶ 9, 11.  His grievances regarding the lack of COVID-19 prevention measures do not challenge the validity of his detention or its duration; instead, they challenge the constitutionality of the unsanitary conditions at IRDF that put him at medical risk. *Tucker*, 925 F.2d at 332.  The

Court, therefore, concludes that *habeas* relief is not appropriate for Petitioner's claims on these grounds.

Alternatively, even if *habeas* relief were appropriate to address these claims, the Court finds that Petitioner has failed to show that the conditions at IRDF subjected him to a violation of his constitutional rights. Due process imposes a duty on the government "to assume some responsibility for [the] safety and general well-being" of persons it takes into its custody. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989) (citation omitted). The government thus violates due process where a government official affirmatively places individuals, with deliberate indifference to their health or safety, in a position of known danger "which he or she would not have otherwise faced." *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1061 (9th Cir. 2006) (citing *DeShaney*, 489 U.S. at 197, 201). A petitioner in custody must show that government officials unreasonably put him at substantial risk of suffering serious harm. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). Here, Petitioner received his COVID-19 vaccination on March 30, 2021. Resp., Ex. 38. Because Petitioner's vaccination reasonably reduces his COVID-19 risks, Petitioner fails to show that he faces unreasonable and substantial risk of suffering harm due to his confinement conditions and his medical vulnerability as an obese individual. *Sanchez-Rivera v. Archambeault*, 2022 WL 3648450, at *2 (S.D. Cal. Aug. 24, 2022) (denying request to release medically vulnerable petitioner on Fifth Amendment due process grounds because his COVID-19 vaccination reasonably reduced the risk of substantial harm). Moreover, in a related case, Judge Sabraw found that the COVID-19 prevention measures implemented at IRDF since the outset of the pandemic were reasonable and adequate. *Alcantara v. Archambeault*, 20cv0756-DMS-AHG, 2020 WL 4201665 (S.D. Cal. July 22, 2020). For these reasons, the Court denies the Petition to the extent it is based on COVID-19 risks.

The Court next examines Petitioner's *habeas* claims based on the alleged unconstitutionally punitive conditions at IRDF. As explained above, detainees must challenge the conditions of their confinement through civil rights actions rather than

through *habeas* petitions. *Nettles*, 830 F.3d at 927. Here, Petitioner alleged that IRDF staff have subjected him to unnecessary cell checks and retaliation in violation of his constitutional rights. Pet. ¶¶ 70–81. He also alleged poor conditions at IRDF such as moldy showers and insufficient toiletries for detainees. Pet. ¶¶ 68–69. Similar to the COVID-19 claims addressed above, these allegations regarding retaliation and poor housing challenge the conditions of his confinement rather than the validity or duration of his confinement. Accordingly, the Court finds that Petitioner's claims alleging punitive confinement conditions are outside the province of *habeas corpus* and lie, instead, in a civil rights action. *See Brown v. Blanckensee*, 857 F. App'x 289, 290 (9th Cir. Aug. 24, 2021) (affirming dismissal of federal prisoner's § 2241 *habeas* petition alleging unconstitutional seizure of property and interference with administrative remedies on grounds that civil rights action is the appropriate vehicle for such claims); *Smith v. Gutierrez*, 2021 WL 4033780, at *1 (C.D. Cal. Aug. 3, 2021) (finding that federal prisoner's claims of deliberate indifference to medical needs should have been brought in a civil rights action rather than a *habeas* action). For these reasons, the Court denies Petitioner's request for *habeas* relief from excessive cell checks, unlawful retaliation against Petitioner, and general conditions of confinement at IRDF.

## IV. CONCLUSION

For the reasons discussed above, the Petition is DENIED.

**IT IS SO ORDERED**.

Dated: November 2, 2022

_____
Honorable Jinsook Ohta
United States District Judge